**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**LAKE JAMES ASSOCIATES, INC.,**
**d/b/a CHIPS Incorporated,**
**a Florida Corporation,**

       Plaintiff,

v.                     **Case No. 8:06-cv-692-T-17TBM**

**SUMMIT TECHNOLOGIES, L.L.C.,**
**A New York limited liability company,**

       Defendant.

_____/


## ORDER ON MOTION TO VACATE


       This cause comes before this Court on the Defendant's, Summit Technology, Motion to Vacate an Entry of Default and grant leave to file an answer to Plaintiff's, Lake James Associates Inc. (Chips), complaint, filed August 11, 2006 (Dkt. 10).  Further pending is the Plaintiff's Motion for Default Judgment (Dkt. 9) and response thereto (Dkt. 12). For the reasons set forth below, Defendant's motion to vacate is **GRANTED**.


## BACKGROUND


       Plaintiff filed this action for breach of contract, goods sold, account states, and unjust enrichment actions against the Defendant on April 18, 2006 (Dkt. 1). Almost two months later, Defendant was properly served in accordance with Federal Rules of Civil Procedure 4 on June 9,

2006 (Dkt. 6).  On the next business day, the Defendant called Plaintiff's counsel in an attempt to resolve the matter and prevent further litigation. A proposed settlement was discussed and the *pro se* Defendant stated it believed it did not need to retain counsel until negotiations ceased. The Plaintiff's counsel never accepted or rejected the Defendant's proposal settlement. Instead, it moved for an Entry of Default on July 3, 2006 (Dkt. 8).

The Defendant claims it did not receive the default motion or clerk's default on July 5, 2006. The Defendant claims it also did not receive this Court's Notice of Designation under Local Rule 3.05. The only notice it received that litigation was proceeding was the Plaintiff's Motion and Memorandum for Entry of Default Judgment on August 5, 2006 (Dkt. 9). Two days later, the Defendant sent a letter to the Court indicating it was retaining counsel to defend this action. The Plaintiff has not argued or illustrated that the Defendant received the default motion, clerk's default, or Court's Notice of Designation.

## MEMORANDUM OF LAW

A court may set aside an entry of default if good cause is shown. Fed. R. Civ. P. 55(c). Good cause has been defined to be a liberal standard. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The Eleventh Circuit has held that overturning a default for good cause is less burdensome than setting aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC*, Inc., 896 F.2d 524, 527 (11th Cir. 1990); *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). Courts analyze whether the default was excusable neglect or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense before using its discretion to set

aside the entry of a default. *Woodbury v. Sears, Roebuck & Co.,* 152 F.R.D. 229, 236 (M.D. Fla. 1993).

I. SUFFICIENY OF DEFENDANT'S EXCUSE.

 "The determination as to what sorts of neglect will be considered 'excusable' is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).  Inadvertent delays may constitute excusable neglect. *Id.* at 392. Attempting to resolve a dispute alone does not justify a failure to respond timely, but the totality of the circumstance can warrant such a finding. *Schmidt v. Shawnee Mission Sch. Dist.*, 1999 U.S. Dist. LEXIS 13536, *6 (D. Kans. 1999).

Analyzing the circumstances surrounding this case, the Defendant has shown excusable neglect such as to justify setting aside the entry of default. First, the Defendant's omissions were not willful. Both parties were involved in a settlement negotiation. As a result, the Defendant decided in good faith not to retain counsel until its settlement offer was rejected. Subsequent to the negotiation, neither Plaintiff nor his counsel contacted the Defendant to reject or accept the settlement proposal. Instead, approximately a month after the offer, the Plaintiff filed a motion for default. The Defendant argues that it never received any notice of the Plaintiff's motion for default. *See Whitman v. United States Lines, Inc.*, 88 F.R.D. 528, 530 (E.D. Tex. 1980) (explaining in general "all doubts are resolved in favor of the party seeking relief from an entry of default").  Therefore, any delay in responding to the Plaintiff's motion was inadvertent and excusable.

Second, the Defendant acted diligently after it received notice that the Plaintiff was pursuing further litigation. On August 5, 2006, Defendant received its first notice that the Plaintiff filed and was granted a motion of default. Accordingly, Defendant retained counsel and responded within nine days to vacate the order. *See Woodbury*, 152 F.R.D. at 237 (explaining a diligent response for default entry within fourteen days of a motion for default judgment can be "construed as a prompt and diligent response").  Analyzing the total of the circumstances, this Court concludes that the Defendant's lack of notice, good faith basis for not retaining counsel, and diligent response to the motion after it received notice constitutes excusable neglect.


## II. WHETHER THE PLAINTIFF HAS BEEN SUBSTANTIALLY PREJUDICED.

To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990).  Mere delay does not establish prejudice. *Rogers v. Allied Media*, 160 B.R. 249, 255 (Bankr. N.D. Ga. 1993)**.**

The entry of default in this case was entered a month ago. The Plaintiff has not established that the short delay will result in loss of evidence, increased difficulty in discovery, or opportunity for fraud. Accordingly, this Court holds that there is not a sufficient basis for establishing prejudice.


## III. MERITORIOUS DEFENSE.

Courts have held the likelihood of success of a defense is not the measure in determining whether a defaulted defendant has a meritorious defense. *Savin Corp. v. C.M.C Corp.*, 98 F.R.D.

4

509, 512 (N.D. Ohio 1983); *In re Park Nursing Ctr.*, 766 F.2d 261, 264 (6th Cir. 1985) *Keegel v. Key West & Caribbean Trading Co.*, 200 U.S. App. D.C. 319, 627 F.2d 372, 374 (D. C. Cir. 1980). Rather, the test is whether defense's facts constitute a meritorious defense at law. *Burnley v. Bosch Americas Corp.*, 75 Fed. Appx. 329, 333 (6th Cir. 2003).

Defendant presents affirmative defenses that include fraud in the inducement, breach of contract and warranties, setoff and recoupment, and usury to Plaintiff's cause of action. Courts have held that a fraud and a breach of contract claim constitute meritorious defenses to set aside an entry of default. *See Rooks v. American Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959) (explaining if any of the defenses "state a defense good at law, then a meritorious defense was presented"); *Savin Corp.*, 98 F.R.D. at 512. Moreover, Defendant's recoupment and usurious claims go directly to mitigation and offset of the Plaintiff's charges.  As a result, this Court concludes that the Defendant has presented meritorious defenses that should be presented to the trier of facts.


IV. CONCLUSIONS

Florida has a persuasive "long standing policy of liberality toward the vacating of defaults when a defendant has demonstrated excusable neglect and has presented a meritorious defense." *KFC USA, Inc. v. Depew*, 879 So. 2d 55, 56 (Fla. 5th DCA 2004). Federal Courts and this Circuit have a similar opinion. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984) (explaining "in light of the strong policy of determining cases on their merits, defaults are seen with disfavor"). Accordingly, it is

**ORDERED** that Defendant's Motion to Vacate Default (Dkt. 10) be **GRANTED** and the Plaintiff's Motion for Default Judgment be **DENIED** as moot.  The Clerk of Court is directed to strike the Default (Dkt. 8) from this case. The parties shall file a case management report within thirty days of this order. Furthermore, the Defendant has ten days to file a response to the complaint.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 26th day of Sept. 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record